UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.4)
Eastern Division

Domingo Costilla Dominguez
      Plaintiff,

v.            Case No.: 1:25−cv−13035
            Honorable John Robert Blakey

Kristi Noem
      Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, October 31, 2025:

  MINUTE entry before the Honorable John Robert Blakey: On Friday, October 24, 2025, at 4:43 p.m., Domingo Costilla Dominguez filed a petition seeking a writ of habeas corpus releasing him from custody or requiring that he be given a bond hearing before an Immigration Judge, see [1]. On Monday, October 27, 2025, at 9:18 a.m., this Court ordered the Government not to remove Costilla Dominguez from the jurisdiction of the United States and not to transfer him to any federal judicial district other than those in the States of Illinois, Indiana, or Wisconsin. See [4]. Nonetheless, Respondents' October 29, 2025 status report indicated that Costilla Dominguez was "deported to Mexico on Monday afternoon (that is, October 27, 2025)."; [7] at 1. While an apparent failure to comply with a court order always causes concern, the record in this case indicates that Petitioner's removal stems, not from a disregard of that order, but from implementation of a prior 1992 deportation order and the timing of counsel's notification. See [8−1]. In this case, Carly Schilling, Supervisory Detention and Deportation Officer in ICE's Chicago Field Office, submitted a declaration that, according to DHS records, ICE transferred Mr. Costilla Dominquez from Broadview to El Paso at about 3:42 p.m. on October 25, 2025; then booked him out of El Paso between 6:51 a.m. and 3:45 p.m. on October 27, 2025; and then removed him from the United States to Mexico pursuant to the 1992 final order of deportation at about 6:00 p.m. on October 27, 2025. [9−1] at 8. Officer Schilling further represents that ICE "first got notice" of this Court's stay order at "about 3:55 p.m. on 10/27/25, when Costilla Dominguez was already in transit to be removed from the United States." Id. 9. That it took several hours from entry for this Court's order to make its way up the chain, by itself, raises no concerns of bad faith; there may be a case where the Government's conduct merits closer inspection, but this is not that case. Ultimately, the Court is left with the fact that Mr. Costilla Dominguez is no longer in the custody of any agency of the United States Government, and his removal proceedings have now concluded. As a result, Mr. Costilla Dominguez's petition, which seeks either a release from Government custody or a bond hearing pending the outcome of his removal proceeding, is moot, and this Court now lacks jurisdiction to hear the matter. See E.F.L. v. Prim, 986 F.3d 959, 962 (7th Cir. 2021) (A suit "becomes moot when it is impossible for a court to grant any effectual relief whatever to the prevailing party"; when this occurs, "federal courts lose subject matter jurisdiction over the case.") (cleaned up) (citing Trinity 83 Dev., LLC v. ColFin Midwest Funding, LLC, 917 F.3d 599, 60102 (7th Cir. 2019);

Chafin v. Chafin, 568 U.S. 165, 172 (2013); In re Repository Techs., Inc., 601 F.3d 710, 716-17 (7th Cir. 2010)). See also Samirah v. O'Connell, 335 F.3d 545, 552 (7th Cir. 2003) (finding that the district court lacked jurisdiction over the § 2241 petition filed by a noncitizen no longer in the United States). To the extent Costilla Dominguez's petition could be interpreted as challenging his removal, this Court similarly lacks jurisdiction to consider that claim. See E.F.L., 986 F.3d at 964 (noting that 8 U.S.C. § 1252(g) divests federal courts of jurisdiction over challenges to executive branch decisions to execute removal orders). For these reasons, this case is dismissed for lack of subject matter jurisdiction, and the November 3, 2025 status hearing is stricken. Civil case terminated. Mailed notice. (evw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.